PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM H. EVANS, JR. | ) |
| | ) CASE NO. 4:19CV1567 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| WARDEN LAROSE, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF Nos. 4, 5, 12] |

Pending is Defendants' Motion to Dismiss (ECF No. 4), Plaintiff's Motion to Remand (ECF No. 5), and Plaintiff's Motion to Join Parties and Supplement the Complaint [ECF No. 12]. The matters have been briefed. ECF Nos. 4, 5, 6, 8, 9, 10, 11. For the reasons explained below, Defendants' motion is granted in part and denied in part; and Plaintiff's motion to join parties and supplement the pleadings is granted but his motion to remand is denied.

## I. Introduction[1]

*Pro se* Plaintiff William H. Evans, Jr., an inmate in the Northeast Ohio Correctional Institution ("NEOCC"), commenced this action on May 30, 2019, against six defendants, in the Mahoning County Court of Common Pleas. ECF No. 1-1. Plaintiff, a while male with a "white power" tattoo, was listed as a white supremacist on institutional records and placed in a Security

---

[1] After Plaintiff filed his Complaint (ECF No. 1-1 at PageID #: 7-9), he filed a motion to supplement his Complaint with two letters. ECF No. 12. One letter is from his Unit Manager regarding his behavior (ECF No. 12-1) and the other is Plaintiff's request to be placed in a cell by himself and the Unit Manager's handwritten response. (ECF No 12-2). The Court grants Plaintiff's motion to supplement his Complaint with these two letters.

(4:19CV1567)

Threat Group ("STG"). *Id*. at PageID #: 8, ¶ ¶ 6-8. Plaintiff has been housed with black inmates who are gay and he contends that he has a religious "right not to be forced to reside with" these cellmates based on his Christian faith. *Id*. at ¶ 9. He also alleges that he is "a disabled adult" and that Defendants are failing to reasonably accommodate his disability, as required by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, by giving him a cellmate. *Id*. at ¶ 10. According to Plaintiff, having any "celly results in [his] lack of sleep, study, [and] concentration" and prevents him from signing up and participating in prison activities and programs. *Id*. at PageID #: 9, ¶ 11. He contends "the only way to reasonably accommodate" his unspecified disability is by giving him a "single-cell arrangement." *Id*. at PageID #: 8, ¶ 10.

Plaintiff also raises claims under 42 U.S.C. § 1983, Ohio Rev. Code Ann. § 2307.60, and "other common-law tort" theories (ECF No. 1-1 at PageID #: 7, ¶ 3), Plaintiff seeks damages, declaratory relief, and an injunction requiring that Defendants refrain from placing "black or homosexual persons in his cell" and removing "the one" currently housed with him. *Id*. at PageID #: 9.

Defendants removed the action to the Court on July 9, 2019 (ECF No. 1) and subsequently filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 4). Plaintiff filed a motion to remand the action to state court (ECF No. 5), and multiple briefs opposing Defendants' motion to dismiss (ECF Nos. 6, 7, 10). On October 10, 2019, Plaintiff filed a motion to join parties with supplemental pleadings.

2

## II. Standard of Review

### A. Removal Jurisdiction and Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over civil actions that arise under federal law, see 28 U.S.C. § 1331, or that involve parties of diverse citizenship and exceed $75,000 in controversy, see 28 U.S.C. § 1332. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *see also Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995) ("[T]he plaintiff is the master of the complaint . . . [T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

"It is well settled that a case may be said to arise under the Constitution or laws of the United States whenever its correct decision depends upon the construction of either, or when the title or right set up by the party may be defeated by one construction of the Constitution or law of the United States, and sustained by the opposite construction. Otherwise, not." *Shelby Cty., Tenn. v. Fairway Homes, Inc.*, 285 F.2d 617, 618 (6th Cir. 1961). Even if the disputed right "takes its origin in the laws of the United States," the claim does not "arise under" federal law unless "it really and substantially involves a dispute or controversy respecting the validity,

3

construction, or effect of such a law, upon the determination of which the result depends." *Id*. (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)).

Where an action is properly removed on the basis of a claim arising under federal law, a federal court has discretion to exercise supplemental jurisdiction over additional state-law claims. *See* 28 U.S.C. § 1367.

**B. Permissive Joinder Motion**

Pursuant to Fed. R. Civ. P. 20(a)(2), a plaintiff may move the Court to join a defendant to the case. There are two requirements for permissive joinder: 1) the right to relief arises from the same transaction, occurrence or series of transactions or occurrences; and 2) any question of law or fact common to the parties will arise in the action. *Scott v. Fairbanks Capital Corp.*, 284 F.Supp.2d 880, 887-88 (S.D. Ohio 2003). The words "transaction or occurrence" are given a broad and liberal interpretation in order to avoid a multiplicity of suits. *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969).

Once these requirements are met, the trial court has broad discretion to grant or deny permissive joinder. *State of Ohio v. Louis Trauth Dairy, Inc.*, 865 F.Supp. 1229, 1239 (S.D. Ohio 1994). Joinder is generally favored. *See United Mine Workers v. Gibbs*, 383 U.S.715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *Lasa*, 414 F.2d at 147 ("The intent of the rules is that all issues be resolved in one action, with all parties before one court, complex though the action may be.").

(4:19CV1567)

### C. Motion to Dismiss

"To survive a [Rule 12(b)(6)] motion to dismiss, [the complaint] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court may dismiss a claim if it finds, on the face of the pleading, that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." *Ashiegbu v. Purviance*, 76 F. Supp.2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert. denied*, 529 U.S. 1001 (2000).

"For purposes of a motion for judgment on the pleadings [or a motion to dismiss], all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (quoting *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008)). The Court "must construe the complaint in the light most favorable to [the] plaintiff[.]" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Although the Court construes *pro se* pleadings liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the

5

(4:19CV1567)

dismissal standard pursuant to Fed. R. Civ. P. 12(b)(6) standard applies to *pro se* pleadings. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### III. Discussion

#### A. The Action is Properly Removed

Plaintiff's Complaint raises claims arising under federal law. As Plaintiff concedes in his motion to remand, his Complaint asserts federal claims for relief under 42 U.S.C. § 1983 and the ADA. ECF No. 5 at PageID: 39, ¶¶ 8-9. By asserting claims that arise under federal law, Plaintiff subjected himself to the possibility that Defendants would remove his action to federal court. *See City of Chicago v. Int's Coll. of Surgeons*, 522 U.S. 156, 164 (1997). Accordingly, the action has been properly removed, and Plaintiff's motion to remand (ECF No. 5) is denied.

#### B. Plaintiff's Permissive Joinder Motion

Plaintiff seeks to join "Mr. Fraile-Assistant Unit Manager" as a defendant pursuant to Fed. R. Civ. P. 20(a)(2). Parties may be joined if Plaintiff alleges a "'series of transaction or occurrences' with a common question of law or fact." *Dykes-Bey v. Benson*, 2018 WL 6199149, at *2 (6th Cir. Nov. 20, 2018). Plaintiff alleges that Mr. Fraile was collaborating with other inmates and moved an inmate into Evan's cell to conspire against him. ECF No. 12 at PageID #: 72-73, ¶ 4-8. The core of Plaintiff's claim is about his cell assignment and his allegation that the officers are retaliating against him. *See* ECF No. 1-1 at PageID #: 8, ¶¶ 7-9 ; ECF No. 12 at PageID #: 72-73, ¶¶ 4-8; In addition, Plaintiff alleges that having cellmates does not properly accommodate his disability in contravention of federal disability law and other Ohio state law claims. ECF No. 1-1 at PageID #: 8-9, ¶¶ 10-11; ECF No. 12. His claims are thus based on the

6

same "series of transaction or occurrences" regarding his cell assignment and share a common question of law or fact. Accordingly, Plaintiff's motion is granted and Mr. Fraile is hereby added as Defendant in this case.

### C. The Complaint Fails to Allege Any Plausible Federal Claim

To survive a dismissal for failure to state a claim under Rule 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Twombly*, 550 U.S. at 570). Plaintiff must set forth factual allegations in his Complaint sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

#### 1. No Factual Allegations

Plaintiff's Complaint fails to state any plausible federal claim for relief. Plaintiff does not set forth allegations attributing specific wrongful conduct to each Defendant, or indicating what specific constitutional or federal right he contends each Defendant violated. *See* ECF No. 1-1. The Court is not required to "conjure up unpleaded facts to support [Plaintiff's] conclusory allegations." *See Perry v. United Parcel Service*, 90 F. App'x 860, 861 (6th Cir. 2004) (affirming dismissal of a *pro se* complaint). Where a person is named as a defendant in a complaint without discernible allegations of specific conduct, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* pleadings. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named

(4:19CV1567)

defendant was involved in the violation of his rights); *see also* Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002) (claims under § 1983 "alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of *pro se* claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in, or responsible for each alleged federal rights violation).

### 2. No Constitutional Right to Security Classification Removal

Plaintiff's challenge of his STG security classification at NEOCC is not a cognizable claim under the Constitution. "[A]n increase in security classification, such as being classified as a[n] STG member, does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (citation and internal quotations omitted).

### 3. No Constitutional Right to Choose Cellmate

And "[f]or obvious reasons, courts have widely rejected any notion that a prisoner has any constitutional right to choose his cellmate." *Aladimi v. Hamilton County Justice Center*, 2012 WL 292587, at *11 (S.D. Ohio Feb. 1, 2012), (Report and Recommendation adopted, 2012 WL 529585 (S. D. Ohio Feb. 17, 2012)). Plaintiff has no constitutional right to choose who he shares

8

(4:19CV1567)

his cell with based on another prisoner's race, religion, or sexual orientation. *See, e.g.*, *McKnight v. MTC*, 2015 WL 7730995, at *4 (N.D. Tex. Nov. 9, 2015) (finding that prisoner's claim under the Free Exercise Clause of the First Amendment "concerning the assignment of a homosexual cellmate" lacked any merit); *Curtician v. Kessler*, 2009 WL 2448106, at *8 (W.D. Pa. Aug.7, 2009) (finding that plaintiff's claim that defendants failed to protect him by "forcing" him to share a cell with various black Muslim inmates failed to state a claim in the absence of evidence that a risk of serious harm actually existed "other than the perceived danger conjured up by [p]laintiff's blatant racism"); *Lindell v. Daley*, 2003 WL 23277280 at *10 (W. D. Wis., Nov.21, 2003) (holding that plaintiff had no constitutional right to share a cell with a white cell-mate).

### 4. No Facts Indicating Retaliation

Plaintiff contends that Defendants are retaliating against Evans for being a white supremacist by assigning black gay prisoners to be his cellmates. ECF No. 1-1 at PageID #: 8, ¶ 9. Plaintiff posits that Defendants are doing this to incite violence against him. *Id*.

For a First Amendment retaliation claim, a plaintiff must show he (1) was engaged in a constitutionally protected activity, (2) the defendant's adverse action caused the plaintiff an injury that would deter or chill a person of ordinary firmness from continuing to engage in that activity, and (3) a causal connection such that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights. *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 586-87 (6th Cir. 2008). But Plaintiff provides no facts to indicate that he engaged in constitutionally protected activity. See ECF No. 1-1. His contention that the

9

(4:19CV1567)

assignment of roommates is retaliation is conclusory. Therefore, his claim for First Amendment retaliation is meritless.

### 5. No claims under the ADA or the RA

Finally, Plaintiff has not alleged a plausible claim under either the ADA or the RA, which prohibit discrimination against disabled individuals. Plaintiff has not set forth allegations sufficient to support a plausible inference that he was discriminated against in regard to participation in prison programs or otherwise "because of" a disability, a required element of a *prima facie* claim. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Plaintiff has no claim under the ADA or the RA against the individual defendants because neither the ADA or RA impose liability upon individuals. *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 492 93 (6th Cir. 2004).

Because Plaintiff's Complaint fails to state any plausible federal claim upon which he may be granted relief, Defendants' motion to dismiss is granted with respect to Plaintiff's federal claims. For the reasons explained below, Defendants' motion to dismiss is denied with respect to Plaintiff's remaining state-law claims.

### C. Remaining State Law Claims

Plaintiff also raises claims under Ohio Rev. Code. Ann. § 2307.60 and "other common law tort violations not specified here at the pleading stage." ECF No. 1-1 at PageID #: 7, ¶ 3. When federal law claims that were the basis for removal jurisdiction are dismissed, the Court has discretion to either remand the remaining state-law claims back to the state court or to dismiss

(4:19CV1567)

the case without prejudice.  See [Long v. Bando Mfg. Of America, Inc., 201 F.3d 754, 761 (6th Cir. 2000)](); [Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1254 55 (6th Cir. 1996)]() ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").  Given the dismissal of Plaintiff's federal claims at this early stage, the Court declines to exercise supplemental jurisdiction over  Plaintiff's remaining state-law claims, which are better resolved by the Ohio courts.  Accordingly, Plaintiff's state-law claims will be remanded to the Mahoning County Court of Common Pleas.

### IV.  Conclusion

In sum, Plaintiff's motion to remand is denied, Plaintiff's motion to join Mr. Fraile as Defendant and supplement his Complaint with two letters is granted, Defendants' motion to dismiss is granted with respect to Plaintiff's federal claims, but denied with respect to Plaintiff's remaining state law claims.  The remaining state-laws claims will be remanded to the Mahoning County Court of Common Pleas.  Pursuant to [28 U.S.C. § 1915(a)(3)](), the Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   October 31, 2019   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |